IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ANDREA OLSHIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FMS, Incorporated, )<br>)<br>Defendant. )<br>)<br>) | **Civil Action No.: CCB-10-cv-3473** |

**DEFENDANT FMS INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Defendant, FMS Inc. ("FMS"),[1] by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, moves to dismiss the *pro se* Plaintiff's Complaint for its lack of subject matter jurisdiction and, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss this action for its failure to state a claim upon which relief can be granted. As reasons therefor, the Defendant FMS states as follows:

1.  The Plaintiff's Complaint contains a single claim which is based upon an alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C 227, *et seq*. As this Honorable Court well knows, this Honorable Court does not have subject matter jurisdiction over such a TCPA claim. The TCPA does not confer federal jurisdiction for a private right of action and federal courts do not have federal question jurisdiction over TCPA claims. Diversity

---

[1] The Plaintiff identifies the Defendant as FMS, Incorporated but its legal name is FMS Inc.

jurisdiction cannot exist in this case because, pursuant to the TCPA, the Plaintiff's possible and alleged damages are capped well below the required amount in controversy.

      2.      Even if subject matter jurisdiction existed in this case, the Plaintiff's Complaint fails to state a claim upon which relief can be granted.  The Plaintiff cannot show any violation of the TCPA because the Defendant FMS does not have, and therefore could not have used, any telephone equipment with a "random or sequential number generator" or telephone equipment with artificial or prerecorded voice messages to make any of the telephone calls that the Plaintiff alleges were made to her by the Defendant FMS.  Since the Defendant FMS has never used the type of telephone equipment that gives rise to a viable TCPA claim, the Plaintiff's Complaint is fatally defective.  The Defendant FMS requests that its motion be treated as a summary judgment motion and that the Plaintiff's action be dismissed, with prejudice, because of the undisputed evidence as to the telephone equipment used by the Defendant FMS.

      3.      The additional grounds and authorities for this Motion are contained in the accompanying Memorandum of Reasoning and Authorities, which is incorporated herein and to which this Honorable Court is respectfully referred.

WHEREFORE, the Defendant, FMS Inc., respectfully requests that this Honorable Court grant its Motion and dismiss this action not only for lack of subject matter jurisdiction but also for the Plaintiff's failure to state a claim upon which relief can be granted since such claim is a

legal impossibility based upon the undisputed evidence of the telephone equipment used by the Defendant, FMS Inc.

>Respectfully submitted,
>
>JORDAN, COYNE & SAVITS, L.L.P.
>
>
>By: /s/ **Deborah Murrell Whelihan**
>     Deborah Murrell Whelihan, #05149
>     1100 Connecticut Ave., N.W.
>     Suite 600
>     Washington, D.C. 20036
>     Telephone no.:  (202) 296-4747
>     Facsimile no.:  (202) 496-2800
>     Email: d.whelihan@jocs-law.com
>
>Attorneys for Defendant FMS Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant FMS Inc's Motion to Dismiss Plaintiff's Complaint, accompanying Memorandum of Reasoning and Authorities, Exhibits, and Proposed Order were sent by mail, postage prepaid, on this 26th day of January, 2011 to:

>Andrea Olshin, *pro se*
>20239 Locust Grove Road
>Rohrersville, MD 21779
>
>     */s/ Deborah Murrell Whelihan*
>     Deborah Murrell Whelihan