IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ANDREA OLSHIN, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Civil Action No.: CCB-10-cv-3473 |
| ) | |
| FMS, Incorporated, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT FMS INC.'S MEMORANDUM OF
REASONING AND AUTHORITIES IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to the Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Defendant, FMS Inc. ("FMS"), by and through its attorneys, JORDAN, COYNE & SAVITS, L.L.P. and Deborah Murrell Whelihan, submits this Memorandum in support of its Motion to Dismiss Plaintiff's Complaint because of its lack of subject matter jurisdiction and because of its failure to state a claim upon which relief can be granted.  As reasons and authorities therefor, the Defendant FMS states as follows:

**INTRODUCTION**

On December 10, 2010, the Plaintiff filed her Complaint, which contains a single claim based upon alleged violations of the Telephone Consumer Protection Act ("TCPA"), 27 U.S. C. §227.  *See,* Complaint at ¶ 1 ("Count 1 of Plaintiff's Complaint is based on the Telephone Consumer Protection Act ...").  The Complaint alleges that the Defendant FMS placed a number of collection calls to the Plaintiff on her cell phone using an "autodialer."  *Id*. at ¶ 10-11.

According to the Plaintiff, these calls continued after she faxed two letters, one on October 15, 2010 and one on November 15, 2010, informing the Defendant FMS that its "authorization to call Plaintiff's cell phone number had been revoked."[1] *Id*. at ¶ 11-12. The Complaint seeks damages because of the Plaintiff's contention that the alleged "autodialed" calls violated the TCPA. *Id*. at ¶ 14.

## LEGAL ARGUMENT

**1.   This Honorable Court Lacks Subject Matter Jurisdiction Over The Plaintiff's TCPA Claim.**

The Plaintiff's Complaint must be dismissed because this Honorable Court lacks subject matter jurisdiction over the Plaintiff's TCPA claim. The Plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Neuralstem, Inc. v. Stem Cells, Inc.*, 573 F. Supp. 2d 888, 891 (D. Md. 2008). Resolution of jurisdictional questions must occur before deciding whether the Plaintiff has stated a proper cause of action. *See Baltimore-Washington Tel. Co. v. The Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 740 (D. Md. 2008). It is well settled that a motion to dismiss for lack of subject matter jurisdiction must be granted when a claim fails to allege facts upon which the court may base jurisdiction. *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996).

Although the Plaintiff attempts to alleges bases for jurisdiction, the Plaintiff is mistaken that jurisdiction exists. Jurisdiction does not exist for the Plaintiff's TPCA claim under the TPCA,. *See*, *International Science & Tech. Inst. v. Inacom Communs*, 106 F.3d 1146, 1158 (4th Cir. 1997). Federal courts do not have jurisdiction over private rights of action under the TPCA).

---

[1] FMS has no record of receiving these faxes.

Federal question jurisdiction, 28 U.S.C. §1331, also does not exist for claims brought under the TCPA. 106 F.3d at 1148 ("jurisdiction of the United States district courts over private TCPA actions may not be premised on the general federal question jurisdiction conferred by 28 U.S.C. 1331."); *see also, Baltimore-Washington Tel. Co.*, 584 F. Supp. 2d at 741 ("federal question jurisdiction does not exist for claims brought under the [TCPA]").

The Plaintiff does not predicate jurisdiction for her TCPA claim upon diversity jurisdiction, 28 U.S.C. § 1332. However, even if she did rely upon diversity jurisdiction, the Plaintiff's Complaint makes clear that diversity jurisdiction cannot exist because the Plaintiff's damage claim of $32,000 is well below the threshold necessary for diversity jurisdiction.[2] *See* Compl. at ¶ 16-17. Accordingly, the Plaintiff's action should be dismissed, without prejudice, for its lack of subject matter jurisdiction.

    2.    <u>**The Plaintiff's Claim Fails To State A Viable TCPA Claim.**</u>

Furthermore, even if this Honorable Court did have subject matter jurisdiction to entertain the Plaintiff's action, which it does not; the Plaintiff's Complaint should nevertheless be dismissed because it fails to state a claim upon which relief can be granted.

Even though the Plaintiff has verified the allegations of her complaint, certain of those critical allegations are mere conclusions which are factually wrong and which are fatal to her TCPA claim. As this Honorable Court observed in *Baltimore-Washington Tel. Co. v. The Hot Leads Co., LLC*, *supra*., this Honorable Court is not required to accept as true "a legal conclusion

---

[2] The Plaintiff's possible damages are actually much less than $32,000. This amount includes the $20,000 in punitive damages that the Plaintiff is seeking. *See* Compl. at ¶ 17. However, the TCPA does not allow for the award of punitive damages. *See* § 227(b)(3). Based on the eight telephone calls that the Plaintiff alleges that she received, her damages would be capped at $12,000 at most if she had a valid cause of action. *See Id*.

couched as a factual allegation," 584 F. Supp. 2d at 740-741( *quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002)).

To set forth a viable TCPA claim, the Plaintiff must demonstrate that the Defendant FMS uses an automatic dialing system or uses artificial or prerecorded voice messages. 27 U.S. C. §227; *Worsham v. Ehrlich*, 181 Md. App. 711; 957 A.2d 161 ( 2008), *certiorari denied, Worsham v. Ehrlich*, 406 Md. 747, 962 A.2d 373 (2008). In pertinent part, the TCPA prohibits any person from making "any call ... using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service. § 227(b)(1)." 27 U.S. C. §227. An "automatic telephone dialing system" is defined by the statute as "equipment to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such number." 27 U.S. C. §227(a)(1). Thus, in order to bring a successful TCPA claim, the Plaintiff must establish that the Defendant FMS used telephone equipment that uses a random or sequential number generator and that the Defendant FMS used artificial or prerecorded voice technology.

The Plaintiff lacks the evidence for a viable TCPA claim. As demonstrated by the Affidavit of Jaison LeCount which is attached hereto as Exhibit A and by the Memorandum dated 09/30/2008 from the manufacturer of the Defendant FMS Inc.'s telephone equipment which is attached hereto as Exhibit B, this undisputed evidence, albeit providing information outside the Plaintiff's pleading, shows that the Plaintiff cannot prove the essential elements of her TCPA claim. Because of this evidence, the Defendant FMS requests that this Honorable Court treat this motion as a motion for summary judgment since there can be no dispute as to this

evidence, since the Plaintiff's verified allegations lack proper and personal knowledge foundation and since it would be a waste of judicial resources to allow this action to proceed beyond the motion to dismiss test stage or to provide the Plaintiff with the opportunity to continue her quixotic journey to the state court.  *See*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); s*ee also*, *O'Connor v. Consolidated Coin Caterers Corp.*, 56 F.3d 542, 545 (4th Cir. 1995), *rev'd on other grounds*, 134 L. Ed. 2d 433, 116 S. Ct. 1307 (1996).

Since the telephone equipment that the Defendant FMS uses does not have the ability to store or to produce random or sequential telephone numbers using an autodialer and since the Defendant FMS also does not use an artificial or prerecorded voice during its telephone calls, Exhibits A and B; the Plaintiff does not, and cannot, have a viable TCPA claim.  Indeed, it would not make sense for the Defendant FMS to have such equipment because the Defendant FMS is a receivables management company that is trying to reach a specific person to discuss a specific subject.  Consequently, dialing random or sequential numbers would be of no use to the Defendant FMS.  Importantly, the Defendant FMS does not have the telephone equipment for the Plaintiff to bring her TCPA claim.  Because the Plaintiff cannot show the impossible, that is that the Defendant FMS uses an automated telephone dialing system, the Plaintiff's TCPA claim is fatally defective and must fail.

For all the reasons above, the Defendant FMS requests that the Plaintiff's TCPA claim be dismissed, without prejudice, for its lack of subject matter jurisdiction or, alternatively, that the

Plaintiff's TCPA claim be dismissed, with prejudice, for its failure to state a claim upon which relief can be granted.

        Respectfully submitted,

        JORDAN, COYNE & SAVITS, L.L.P.

        By: /s/ ***Deborah Murrell Whelihan***
           Deborah Murrell Whelihan, #05149
           1100 Connecticut Ave., N.W.
           Suite 600
           Washington, D.C. 20036
           Telephone no.: (202) 296-4747
           Facsimile no.: (202) 496-2800
           Email: d.whelihan@jocs-law.com

        Attorneys for Defendant FMS Inc.