**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Andrea Olshin ) | |
| 20239 Locust Grove ) | |
| Rohrersville, MD 21779 ) | |
| ) | CIVIL ACTION NO: **CCB-10-cv-3473** |
| (Plaintiff) ) | |
| v. ) | |
| FMS, Incorporated ) | JAN 2 8 2011 |
| 4915 S. Union Ave ) | AT BALTIMORE |
| Tulsa, OK 74107-7839 ) | CLERK, U.S. DISTRICT COURT DISTRICT OF MARYLAND |
| (Defendant) | BY _____ DEPUTY |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Andrea Olshin, *pro se*, pursuant to Fed. R. Civ. P.15, respectfully seek leave of the court to file an amended complaint. Plaintiff spoke with counsel for Defendant on January 25, 2011, before an answer or other dispositive motion was filed in this instant case. After speaking with counsel for Defense, Plaintiff realized that there may have been deficiencies in her pleadings. Plaintiff now seeks leave to amend her complaint to include violations of the Fair Debt Collection Practices Act (15 USC 1692 et seq).

Of course, Fed. R. Civ. P. 15 states that a motion for leave to amend a complaint, "shall be freely given when justice so requires." It is well-settled law that leave to amend the complaint is rarely denied and may be denied only where there is a demonstrable showing of prejudice to an opposing party. In fact, it may be an abuse of discretion for the court to deny leave to amend absent a demonstrable showing of prejudice. *Forman v. Davis*, 371 U.S.178, 83 S.Ct.227, 9 L.Ed. 2d 222 (1962); *Jackson v. Bank of Hawaii*, 902 F 2d 1385 (9th Cir. 1990); *Harkless v. Sweeny Independent School District*, 544 F 2d 1353 (5th Cir.1977) cert. Denied 434 U.S. 966; *United Steelworkers of America v. Mesker Bros. Industries, Inc.*, 457F2d 91 (8th Cir. 1971).

Leave to amend may be denied, for example, if it is sought during trial and would so alter the case that the opposing party would be required to seek new evidence and additional witnesses. *Ibid.* Leave may be denied if the amended pleading is offered only after the death of a crucial witness who would be required by the opposing party to rebut the new allegations.

However, it is well-settled law that the court may grant leave to amend the complaint during trial; indeed the court may permit a complaint to be amended even after completion of the trial. *Brown v R. & R Engineering Co., F Supp. 315 (D. Del.1958) reversed on other grounds 264 F.2d 219 (3d Cir.1959); Hemmer–Miller Dev. Co. v. Hudson Ins. Co., 63 S.D. 109, 256 N.W. 798 (1934)*

A party may be given the right to amend the pleadings after trial to conform to the proof at trial. *Fed. R. Civ. P. 15 (b); West's Ann. Cal. Code Civ. Proc. Section 469, 470; NY-McKinney's CPLR 3025 (c).*

Further a number of federal courts have held that the court should not even consider the legal sufficiency of the substance of the proposed amendment in granting leave to file the amended complaint.

The facts in this matter demonstrate beyond cavil that the proposed amendment is offered in good faith and for good reasons, that it is the first motion made by the plaintiffs to amend the complaint and that it is offered to narrow the issues and to resolve matters raised by defendants' motion to dismiss and in the interests of justice.

Clearly, the Defendant may not assert that their rights have been prejudiced; no answer as been filed by the defendants and no discovery has been initiated. An example of the reasons for the motion for leave to file an amended complaint is that the Plaintiff is proceeding pro se, and courts have constantly and consistently given pro se Plaintiff's a wide degree of latitude in their pleadings. Secondly, Plaintiff, through legal research, just recently realized that the Defendant also has violated the Federal Fair Debt Collection Practices Act 15 USC 1692et

seq, and would be unduly prejudiced should this instant complaint be dismissed without leave to amend to include the FDCPA violations.

## CONCLUSION

For the reasons set forth above, plaintiff respectfully request that leave to file the First Amended Complaint, which Plaintiff will submit after the court has granted Plaintiff's motion.

RESPECTFULLY SUBMITTED,

By: *Andrea Olshin*

Andrea Olshin, pro se
20239 Locust Grove Road
Rohrersville, MD 21779
240 520 1654

## CERTIFICATE OF SERVICE

I, Andrea Olshin, Plaintiff, hereby certify that on January 25, 2011, I caused a true and correct copy of Plaintiff's Motion for Leave to Amend Complaint to be served upon the parties below named by the method(s) noted:

Christopher Kellett
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Ave., NW
Suite 600
Washington, DC 20036
via first class us mail

*Andrea Olshin*

Andrea Olshin